UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21685-CIV-MORENO

NUMANCIA DORTA,

    Plaintiff,

vs.

ALBERTO R.GONZALES, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss And/Or For Remand **(D.E. No. 6)** filed on **December 17, 2007**. The Plaintiff did not respond to the Motion to Dismiss.

## BACKGROUND

Plaintiff Numancia Dorta is a citizen of Cuba. Plaintiff is a permanent lawful resident of the United States. Plaintiff applied for naturalization in the United States on September 8, 2005. The United States Citizenship and Immigration Service ("CIS") has not decided Plaintiff's naturalization application as of the date of this Order. CIS has not interviewed Plaintiff. Plaintiff sued claiming unreasonable delays in the processing of her application. CIS moved to dismiss the complaint. CIS claims that it cannot adjudicate Plaintiff's naturalization application until the FBI completes background checks of Plaintiff.

## ANALYSIS

Plaintiff relies in her complaint on the Administrative Procedures Act at 5 U.S.C. § 706(1) to provide this Court federal subject matter jurisdiction over this case. *See*, Complaint at ¶ 2. Section 706(1) permits this court to "compel agency action unlawfully withheld or unreasonably delayed." The Supreme Court has held that a district court has jurisdiction under Section 706(1) where an agency failed to take a discrete action that it was required to take. Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004). Section 706(1) empowers this Court to compel an agency to perform a ministerial or non-discretionary act. *Id.* at 63-64. Congress empowered the Attorney General to grant or deny adjustment of status applications "in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). The naturalization process is discretionary. Section 706(1) therefore does not confer jurisdiction to this Court to interfere with the pace of CIS's adjudication of Plaintiff's naturalization application. *See also* Badier v. Gonzalez, 475 F.Supp.2d 1294, 1297-1298 (N.D. Ga. 2006).

Plaintiff did <u>not</u> assert the Mandamus Act at 28 U.S.C. § 1361 as grounds for jurisdiction. 28 U.S.C. § 1361 grants jurisdiction to district courts "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a basis for jurisdiction when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003). District courts across the circuits have disagreed about whether the Mandamus Act confers jurisdiction upon the district courts in naturalization proceedings. *See*, Badier v. Gonzalez, 475 F.Supp.2d 1294, 1298-1299 (N.D. Ga. 2006). This Court agrees with the analysis in Badier that Plaintiff cannot show the first two prongs

of the Barnhart test. Plaintiff does not have a clear right to the relief requested because naturalization is a privilege. *See*, 8 U.S.C. § 1255. CIS does not have a clear duty to act because the Immigration and Nationality Act does not set a timetable for adjudicating naturalization applications. The Mandamus Act therefore does not provide this Court jurisdiction even if Plaintiff had asserted the Mandamus Act in the complaint or in response to the Motion to Dismiss.

## CONCLUSION

This Court does not have subject matter jurisdiction in this case. The complaint is therefore dismissed. This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of January, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record